# United States Bankruptcy Court
## Northern District of Illinois Eastern

IN RE: Lester Lewis III

)
)

LESTER III for the Lewis household, Grantee and Beneficiary for the LESTER LEWIS III 501 (c)1 INVESTMENT COMPANY and SOCIAL SECURITY CEST TUI QUE VIE TRUST XXX-XX-2179

Debtor Case No. 22-04166

Address: 7829 S. BENNETT AVE. CHICAGO, IL (60649)
Chapter 13

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**June 16, 2022**

**JEFFREY P. ALLSTEADT, CLERK**

## Notice Of Objection to Standing Trustee's Motion to Dismiss Case For Unreasonable Delay

Standing Trustee, has filed papers with the court requesting that this case be dismissed, stating that Debtor(s) failed to file the required documents pursuant to 11 USC §521, §1307, §349, and Rule 3015, in objection and in support thereof, plaintiff relays the following notice to creditors and other parties in interest to state the following:

1. Debtor petitions the court for relief via an Adversarial Chapter 15 preceding and seeks a relevant hearing of the facts based on Debtors conversion to Islam, debtor's reclamation of his proper autochthonous, indigenous standing and status as a Moorish Cherokee being a newly affirmed officer minister of a FOREIGN MISSION operating in accord with TITLE 22 U.S.Code § 288(a), and intent to prove that misinformation concerning the case has been allowed on the current record allowing a bias whereas Debtor can not be assured fairness from the court.

2. Debtor has only recently been made aware of Debtor being made victim of copyright infringement and identity fraud and estate embezzlement due to debtor's birth record being

recorded as an asset pursuant to the ISSUE of CERTAIN DECEPTIVE FORMS submitted to the ILLINOIS BUREAU OF STATISTICS/ ILLINOIS DEPARTMENT of PUBLIC HEALTH'S LOCAL REGISTRAR by MT. SIANI HOSPITAL without disclosure and such misdoing did facilitate the creation of an all capital letter styled fiction and 501(c)1 INVESTMENT COMPANY titled LESTER LEWIS III as mentioned in the INVESTMENT COMPANY ACT of 1940 and thus, debtor can not receive a fair trial in lieu of the current CHAPTER 13 preceding whereby debtor is noted as a debtor and a TAXPAYER whereas debtor through change of venue may accurately introduce proper documents that his status may be correctly presented before the court. Debtor does require a hearing that the facts supporting the necessity of the CHAPTER 15 preceding may be presented before the court and debtor's appropriate consul be allowed as counsel.

3. Debtor(s) CONSUL will provide an Affidavit of Compliance after his unalienable rights have been assured honored and protected by this court as debtor objects to the entirety of this current proceeding as information has been witheld from the debtor concerning debtor's status as Sole Creditor regarding the foreign copyrighted UNITED STATES CORPORATION as created in 1871.

4. Previous facts and testimony contain errors and omissions of the court pertaining to how the courts Banking "Collateral TRUST Certificate" Contracts work and how this court's system had previously controlled the "Debtor in Possession" with commercial indentured SURETY USURY bondages as such constitutes a destruction of the debtor's right to religious free exercise.

5. Further assumptions and presumptions regarded in the current CHAPTER 13 proceeding must be refused by this debtor for cause in accordance with 810 ILCS 5/3-501 and UCC3-501(a)(3) for failure of the UNITED STATES PASSPORT to comply with FEDERAL RULES of CIVIL PROCEDURE RULE 19, on the grounds that the birth certificate, surrendered to the UNITED STATES POST OFFICE for the purpose of debtor's acquisition of a UNITED STATES PASSPORT constitutes prima facie evidence of the facts contained therein, wherein the facts are self evident that MT. SIANI HOSPITAL is the Registrant for Lester III for the Lewis Household by operation of law of which are "orphan work" authored by the law and wherein the act of registration secured the benefits and privileges offered by the United States through Title V, Sections 501-502 of the Social Security Act of 1935 for Illinois, therefore Illinois experienced the benefit of the bargain and United States vs PeWee Coal, 1951 (341 U.S. 114, 71 S.Ct. 670, 95 L.Ed. 809) applies with Illinois as "proprietor" for LESTER LEWIS III* of which are "Famous Mark" as derivative from Lester III for the Lewis Clan, which debtor objects.

6. Debtor has only learned recently that the U.S. Bankruptcy Court, is the controlling Branch Agency of the UNITED STATES CORPORATION, known as the "USC" Title 11 - Chapter 11 "Debtor in Possession"; Debtor asks that the Standing Trustee be replaced due to the Standing Trustees failure to give this debtor full disclosure as to the true beneficiary status of

the debtor, and this debtor demands a copy of the "Written Disclosure Statement" and the Chapter 11 – "Plan of Reorganization" that the U.S. Bankruptcy Court, as the "Debtor in Possession" agents were required to have on file over this debtor's SOCIAL SECURITY SURETY and debtor's Identity Theft *"Collateral Trust Certificate"* Assets and bonded Accruals, as debtor did never Contract into such an agreement and cannot be considered a TAXPAYER, RESIDENT nor CITIZEN as such terms represent the debtor in this current preceding as if a willing participant in INTERSTATE COMMERCE, debtor has never received full disclosure of such nor accepted an express written contract and questions the intent of the standing trustee and asks that the standing trustee be replaced by one truly aware of the debtors true standing at law.

7. Any "evidence," "judgement" or "decree" currently concerning this debtor is hereby inapplicable because the Secretary of State and Attorney General for Illinois are required to be joined in any legal matter concerning Lester III for the Lewis Clan* or LESTER LEWIS III because MT. SIANI HOSPITAL is registrant by operation of law on behalf of Illinois which secured the SOCIAL SECURITY GRANTS for Illinois for the "live births in such State bore," wherein standard usage defines "bore' to mean "take responsibility for the support of" the resulting "live births in such State," of which authors an "orphan work" as "work of the law."

8. Therefore, Illinois is the administrator with privy of the usufruct created regarding the name LESTER LEWIS III and the Secretary of State and Attorney General for Illinois are required to be joined in any legal matter for the preservation of public order and safety. For it is written with the maxims of law that "he who enjoys the advantage of a right takes the accompanying disadvantage" AND "he who derives a benefit from a thing, ought to feel the disadvantages attending it" because "no man ought to be burdened in consequence of another's act" and "any one may renounce a law introduced for his own benefit" for "no one is obliged to accept a benefit against his consent" because "the execution of law does no injury" for "unequal things ought not be joined" and all works are done in this name for the glory of the nation for all mutually pledge to each other our lives, our fortunes, and our sacred honor with a firm reliance upon divine Providence.

9. Debtor does not nor has debtor ever waived his unalienable rights granted to the debtor by debtor's Creator. As a new Muslim, debtor has an Oath of Allegiance to a Foreign Power that abrogates assumptions and presumptions of the court. Debtor no longer exists within the UNITED STATES CORPORATION but will do business with the UNITED STAES through debtor's newly joined FOREIGN MISSION which does operate under TITLE 22 USC 288(a).

10. Debtor demands equal protection under the law as a Republic Executive Creditor to deprive and terminate and of the debtor's fraudulently assumed surety obligations that all issues may be returned to source while holding the court harmless.

11. DEBTOR is an aboriginal Moor of a Foreign Mission granted DIPLOMATIC IMMUNITY as defined by TITLE 22 U.S.CODE 288(a) ahas not taken in consideration any oath or contract after being given full disclosure to obligate debtor's performance as a UNITED STATES CITIZEN , TAXPAYER or RESIDENT of the STATE of ILLINOIS.

12. The standing Trustee did withhold the fact that the Debtor(s) may use his right as a creditor of the UNITED STATES to differ all obligation of payment to the UNITED STATES whereas the UNITED STATES has PLEDGED TO PAY such OBLIGATIONS as defined by TITLE 8 U.S.CODE § 18.

13. Debtor believes that the standing trustee should have known that pursuant to 12U.S.C.411 95a(2), in the US Bankruptcy, the court has been provided sufficient note to discharge any fees regarding this matter entirely. If the standing trustee was ignorant to the fact that Federal Reserve Notes are not money and that this debtor has produced all of the necessary credit this far per debtor's issue of UNITED STATES CURRENCY per this debtor's signed mark, the debtor hereby requests the current standing trustee to be replaced that the standing trustee may review documentary evidence regarding the matter that the standing trustee may have time to gain competency regarding future decisions.

14. The debtor(s) asks the court to honor 12U.S.C.411.95a(2) regarding this matter as the debtor does grant permission that all payments be made to the order of the UNITED STATES TREASURY.

15. The debtor(s) asks the court for a hearing that the case may be re presented as a CROSS-BORDER INSOLVENCY HEARING that future scheduled §341 (a) meetings of the creditors may receive him properly and without the debtor's being encumbered by false assumptions of suretyship for the debts of others in destruction of his right to pursue commerce through a manumitted person.

16. The debtor(s) asks the court for a hearing that the case may be re presented as a CROSS-BORDER INSOLVENCY HEARING that The debtor(s) may provide required identification as will be provided by the INTERNATIONAL ORGANIZATION to which he has become an officer.

17. The debtor(s) may resolve pending objection (s) to the plan once his proper standing as a non- UNITED STATES CITIZEN of an INTERNATIONAL ORGANIZATION be noted upon the record.

18. The debtor(s) will commit all disposable income to the plan upon the correction of the record

19. Debtor does believe that the standing Trustee did fail to honor the standing trustee's obligation to the benefit of the debtor and will do so should the standing trustee possibly

show competency in the future. The debtor asks that the standing trustee be replaced and will file a feasible plan.

20. Debtor must be assured that his tax exempt status be properly filed on the record. The debtor's being encumbered by the willful withholding of information by the trustee may have been done with criminal liability.

21. The standing trustee is not required to give legal advice but is assumed to be competent in matters of the UNITED STATES BANKRUPTCY and is assumed to be obligated to good faith dealings. The debtor believes the debtor has failed to deliver honest service. Debtor asks that the standing trustee be replaced due to breach in trust and the debtor requests a hearing that this court re hear this matter after the foreign national status of the debtor has been established for and on the record.

WHEREFORE, the debtor objects to the Trustee's petition for dismissal, the debtor requests a replacement of the standing trustee due to what may be a breach in fiduciary duty. Debtor requires competent, fair service by and through this court, and thus, the debtor requires the opportunity to appoint consul as religious counsel and to duly record debtor's true status and standing pursuant to the necessary filings that this case proceed under a CHAPTER 15 CROSS BORDER INSOLVENCY HEARING.

WITHOUT RECOURSE

Lester III : Lewis, BENE

/s/ : Lester III of the Lewis Family

Ministerial Officer

06/15/2022